# TITLE OF LIBERTY FAMILY TRUST

*a Pure Trust Organization in Common Law*

# Banking Documents

# TITLE OF LIBERTY FAMILY TRUST
# IRREVOCABLE TRUST AGREEMENT

IRREVOCABLE TRUST AGREEMENT made August 30th, 20 16,
between Emily Winslow (the "Grantor") and Ryan Ulibarri – Yolanda Ulibarri, (the Trustees").

1. TRUST PROPERTY. The Grantor, desiring to create trusts for the benefit of children and for other good and valuable consideration, irrevocably assigned to the Trustees of the property described in attached Schedule A (the "Trust Property"), in trust, for the purposes and on the conditions hereinafter stated.

2. DISPOSITIVE PROVISIONS. The Trustees shall hold the property for the primary benefit of ROD OF IRON CHARITABLE TRUST and the Trustees shall hold, manage, and invest the trust property, and shall collect and receive the income, and after deducting all necessary expenses incident to the administration of the trusts, shall dispose of the corpus and income of the trusts as follows: (a) The Trustees shall pay the entire net income of the trust, to the beneficiaries of the trust either monthly, yearly, or to the beneficiaries at age 21. (b) If any of the beneficiaries shall die before attaining the age of 21 years, the trustee will distribute income to a charitable organization of trustee choice. (c) Notwithstanding anything contained to the contrary, if at any time while the trusts are in force any financial emergency arises in the affairs of either of the primary beneficiaries of the trusts, or if the independent income of either of the beneficiaries (exclusive of the income from any trust created for his or her benefit by the Grantor) and all other means of support are insufficient for the support of the beneficiary, in the judgment of the Trustees, the Trustees shall pay over to the beneficiary, solely out of the corpus of the trust for his or her benefit, at any time and from time to time, the sum or sums as the Trustees shall deem necessary or appropriate in their discretion.

3. TRUSTEES' POWERS. In the administration of the trusts, the Trustees shall have the following powers, all of which shall be exercised in the fiduciary capacity, primarily in the interest of the beneficiaries: (a) To hold and continue to hold as an investment the property, of any additional property which may be received by them, so long as they deem proper, and to invest and reinvest in any securities or property, whether or not income-producing, deemed by them to be for the best interest of the trusts and the beneficiaries. (b) To rent or lease any property of the trusts for the time and upon the terms and for the price or prices as in their discretion and judgment may seem just and proper and for the best interest of the trusts and the beneficiaries. (c) To sell and convey any of the property of the trusts or any interest, or to exchange it for other property, for the price or prices and upon the terms as in their discretion and judgment may be deemed for the best interest of the trusts and the beneficiaries. (d) To make all repairs and improvements at any time deemed necessary and proper to and upon real property constituting a part of the trusts. (e) To deduct, retain, expend, and pay out of any money belonging to the trusts any and all necessary and proper expenses in connection with the operation and conduct of the trusts. (f) To vote upon all securities belonging to the trusts, and to become a party to any stockholders' agreements deemed advisable by them in connection with the securities. (g) To consent to the reorganization, consolidation, merger, liquidation, readjustment of, or other change in any corporation, company, or association. (h) To compromise, settle, arbitrate, or defend any claim or demand in favor of or against the trusts. (i) To incur and pay the ordinary and necessary expenses of administration, including (but not by way of limitation) reasonable attorneys' fees, accountants' fees, investment counsel fees, and the like. (j)

To act through an agent or attorney-in-fact, by and under power of attorney duly executed by the Trustees, in carrying out any of the authorized powers and duties. (k) To borrow money for any purposes of the trusts, or incidental to their administration, upon their bond or promissory note as trustees, and to secure their repayment by mortgaging, creating a security interest in, or pledging or otherwise encumbering any part or all of the property of the trusts. (l) To lend money to any person or persons upon the terms and in the ways and with the security as they may deem advisable for the best interest of the trusts and the beneficiaries. (m) To engage in business with the property of the trusts as

sole proprietor, or as a general or limited partner, with all the powers customarily exercised by an individual so engaged in business, and to hold an undivided interest in any property as tenant in common or as tenant in partnership. (n) To determine the manner in which the expenses incidental to or in connection with the administration of the trusts shall be apportioned as between corpus and income. (o) The Trustees may freely act under all or any of the powers by this Agreement given to them in all matters concerning the trusts, after forming their judgment based upon all the circumstances of any particular situation as to the wisest and best course to pursue in the interest of the trusts and the beneficiaries, without the necessity of obtaining the consent or permission of any interested person, or the consent or approval of any court. The powers granted to the Trustees may be exercised in whole or in part, from time to time, and shall be deemed to be supplementary to and not exclusive of the general powers of trustees pursuant to law, and shall include all powers necessary to carry them into effect. (p) The Trustees may amend trust agreement including but not limited to jurisdiction at any time Trustees feels in best interest of trust. (q) The Trustees has sole discretion to rely on original agreement in case any dispute arises from amendments. (r) The Trustee shall not discuss any business activities or disclose nature of trust with anyone except for business purposes and is at Trustees discretion.

4. LIMITATION ON POWERS. Notwithstanding anything contained to the contrary, no powers enumerated or accorded to trustees generally pursuant to law shall be construed to enable the Grantor, or the Trustees or either of them, or any other person, to sell, purchase, exchange, or otherwise deal with or dispose of all or any parts of the corpus or income of the trusts for less than an adequate consideration in money or monies worth, or to enable the Grantor to borrow all or any part of the corpus or income of the trusts, directly or indirectly, without adequate interest or security.

5. CORPUS AND INCOME. The Trustees shall have the power to determine the allocation of receipts, accounting, and distribution between corpus and income and to apportion extraordinary and share dividends between corpus and income.

6. TRUSTEES' AUTHORITY AND THIRD PARTIES. No person purchasing, renting, or leasing any of the property of the trusts, or in any manner dealing with the trusts or with the Trustees, shall be required to inquire into the authority of the Trustees to enter into any transaction, or to account for the application of any money paid to the Trustees on any account.

7. ADDITIONAL PROPERTY. The Grantor reserves the right to himself or to any other person at any time, by deed or will, to add to the corpus of either or both of the trusts, and any property added shall be held, administered, and distributed as part of the trust or trusts. The additional property shall be allocated between the trusts in accordance with any directions given in the instrument of transfer.

8. ACCOUNTING BY TRUSTEES. The Trustees may render an accounting at any time to the beneficiaries of the trust, and the written approval of a beneficiary shall be final, binding, and conclusive upon all persons then or thereafter interested in the trust for that beneficiary.

9. COMPENSATION OF TRUSTEES. The Trustees waive the payment of any compensation for their services, but this waiver shall not apply to any successor trustee who qualifies and acts under this Agreement except that no person who adds to the corpus of either or both of the trusts shall ever be entitled to any compensation.

10. SUCCESSOR TRUSTEES. Either of Trustees shall have the power to appoint his or her successor Trustee. If either of the named Trustees shall die, resign, become incapacitated, or refuse to act further as Trustee, without having appointed a successor Trustee, the other named Trustee may, but shall not be required to, appoint a successor Trustee. The appointment of a successor Trustee shall be made by a duly acknowledged instrument delivered to the primary beneficiaries and to the person, if any, then acting as Trustee.

11. BOND AND LIABILITY OF TRUSTEES. Trustees shall be required to give any bond or other security. The Trustees shall not be liable for any mistake or error of judgment in the administration of the trusts, except for willful misconduct, so long as they continue to exercise their duties and powers in a fiduciary capacity primarily in the interests of the beneficiaries.

12. IRREVOCABILITY. The trusts shall be irrevocable, and the Grantor expressly waives all rights and powers, whether alone or in conjunction with others, and regardless of when or from what source he may have acquired such rights or powers, to alter, amend, revoke, or terminate the trusts, or any of the terms of this Agreement, in whole or in part. By this instrument the Grantor relinquishes absolutely and forever all his possession or enjoyment of, or right to the income from, the trust property, and all his right and power, whether alone or in conjunction with others, to designate the persons who shall possess or enjoy the trust property, or the income.

13. SITUS. This trust has been executed and delivered in the State of Colorado and shall be construed and administered according to the laws of that state.

In witness whereof the Grantor and the Trustees have executed this Agreement in Colorado on the date first set forth above.

GRANTOR:

[signature] Signature of Grantor

Emily Winslow Printed

TRUSTEE:

[signature] TTEE [signature] TTEE Signature of Trustee

RYAN ULIBARRI TTEE Yolanda Ulibarri TTEE Printed

STATEMENT OF WITNESSES

The foregoing instrument was signed in our presence by Emily Winslow [name of Grantor]. We, at the request and in the presence of the Grantor and in the presence of each other, have subscribed our names below as witnesses. We declare that we are of sound mind and of the proper age to witness an irrevocable trust that to the best of our knowledge the Grantor is of the age of majority, or is otherwise legally competent to make an irrevocable trust, and appears of sound mind and under no undue influence or constraint. Under penalty of perjury, we declare these statements are true and correct on this 1 day of OCTOBER, 20 18.

Candace M Edwards Signature of Witness

CANDACE M EDWARDS Printed

ACKNOWLEDGEMENT OF NOTARY PUBLIC

STATE OF COLORADO )

COUNTY OF LARIMER )

On OCTOBER 1, 2018 before me,

RYAN Ulibarri, YOLANDA Ulibarri, EMILY WINSLOW personally appeared

_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. A Notary Public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

I certify under PENALTY OF PERJURY under the laws of the State of COLORADO that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[signature]

Signature

(seal)

FAITH D. PARKS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20144010617
MY COMMISSION EXPIRES MARCH 6, 2022

SCHEDULE A