**From:** Chuck Mastin <IMCEAEX-_O=EXG7_OU=EXCHANGE+20ADMINISTRATIVE+20GROUP+20+28FYDIBOHF23SPDLT+29_CN=RECIPIENTS_CN=569E3 60836E84ADEA29D72ADE429605C-CHUCK@namprd07.prod.outlook.com>
**To:** larry@tbsolutiongroup.com; Dr Ryan ulibarri; Sulaiman Hemani
**Sent:** 10/5/2016 2:11:28 PM
**Subject:** RE: Dental Law questions for Colorado

My questions to you is why do you want to practice in a structure like this? Most times, a trust does not make sense in any scenario. Once a client ask me about a trust, I am having to explain to my clients about why a trust is inappropriate and a "wacky" option presented by someone trying to sell my client something. A trust is used to avoid probate. Probate is very inexpensive in Colorado. And most times, a client with a trust fails to put all assets in the trust and then probate is needed anyway.

Soooo…..In summary, explain what you are trying to accomplish.

With respect to the law, I don't see that the statutes address this issue nor do I see any research articles about Colorado specifically (do see some other states, see below). But, my reading of the statutes is that only licensees can conduct the practice of dentistry. They can do that as a sole proprietor or as a professional corporation, LLC, or LLP pursuant to 12-36-134. That section doesn't say anything about trusts, so the default to me would be that a trust can't own a practice.

California allows it (http://www.nelsonhardiman.com/what-can-i-do-to-protect-the-value-of-my-medical-practice-if-something-happens-to-me/)

Also allowed in Michigan (http://www.ag.state.mi.us/opinion/datafiles/1970s/op05190.htm)

Maybe this is prime for a question to the AG?

Here's the Colorado statute on how a practice can be conducted

12-35-116. Names and status under which dental practice may be conducted

(1) The conduct of the practice of dentistry or dental hygiene in a corporate capacity is prohibited, but such prohibition shall not be construed to prevent the practice of dentistry or dental hygiene by a professional service corporation of licensees so constituted that they may be treated under the federal internal revenue laws as a corporation for tax purposes only. Any such professional service corporation may exercise such powers and shall be subject to such limitations and requirements, insofar as applicable, as are provided in section 12-36-134, relating to professional service corporations for the practice of medicine.

(2) The group practice of dentistry or dental hygiene is permitted.

(3) The practice of dentistry or dental hygiene by a limited liability company of licensees or by a limited liability partnership of licensees is permitted subject to the limitations and requirements, insofar as are applicable, set forth in section 12-36-134, relating to a limited liability company or limited liability partnership for the practice of medicine.

Sincerely,

**Charles L. Mastin, II**
*Partner*
**MASTIN BERGSTROM LLC**

7000 E. Belleview Ave. | Suite 320
Greenwood Village, CO 80111
www.mastinlaw.com | chuck@mastinlaw.com
(p) 303.217.4876 | (f) 303.217.4877

*BIG FIRM* **EXPERIENCE.** *SMALL FIRM* **FLEXIBILITY.**

FEDERAL TAX ADVICE DISCLAIMER Unless expressly stated otherwise, the foregoing correspondence from Mastin Bergstrom LLC, including any attachments, is not intended and cannot be used by any taxpayer, personally or marketing to others, to avoid penalties that may be imposed under United States tax laws. If such use is desired, a separate covered opinion may be required. (The foregoing statement is made in accordance with Circular 230).

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Mastin Bergstrom LLC and may not be copied or distributed without this disclaimer.

**From:** larry@tbsolutiongroup.com [mailto:larry@tbsolutiongroup.com]
**Sent:** Wednesday, October 5, 2016 6:41 AM
**To:** Chuck Mastin <chuck@mastinlaw.com>; Dr Ryan ulibarri <rulibarri@dentistoffortcollins.com>; Sulaiman Hemani <taxplanningconsultants@yahoo.com>
**Subject:** RE: Dental Law questions for Colorado

Thank you for your response. The statue refers to unlicensed owners, the question is for clarification purposes, if the trust is a member/owner within an LLC and would the trustee being a licensed Dentist qualify as an acceptable member or owner in a dental LLC.

I am interested in the other ways a dental practice can be owned. I'm not sure I understand wacky in this scenario, please elaborate.

Larry Conner
9132205573
-------- Original Message --------
Subject: RE: Dental Law questions for Colorado
From: Chuck Mastin <chuck@mastinlaw.com>
Date: Tue, October 04, 2016 2:33 pm
To: Ryan Ulibarri <rulibarri@dentistoffortcollins.com>,
"larry@tbsolutiongroup.com" <larry@tbsolutiongroup.com>, Soloman Hemani
<soloman@taxplanningconsultants.net>

What a wacky structure. Why would you want to do this?

I don't believe a trust would be a valid owner of a dental practice under the dental practice statues. Although an estate of a deceased dentist can own the practice for up to 1 year.

Further, the liquidation of the S corp. (ie. the converting from an S corp. to an LLC) is a taxable event.

There are ways for a non-dentist owner to own a dental practice via the use of a MSO. Is this what you are trying to do?

Sincerely,

**Charles L. Mastin, II**
*Partner*
**MASTIN BERGSTROM LLC**
7000 E. Belleview Ave. | Suite 320

Greenwood Village, CO 80111
www.mastinlaw.com | chuck@mastinlaw.com
(p) 303.217.4876 | (f) 303.217.4877

Mastin Bergstrom LLC

*BIG FIRM* **EXPERIENCE.** *SMALL FIRM* **FLEXIBILITY.**

---

FEDERAL TAX ADVICE DISCLAIMER Unless expressly stated otherwise, the foregoing correspondence from Mastin Bergstrom LLC, including any attachments, is not intended and cannot be used by any taxpayer, personally or marketing to others, to avoid penalties that may be imposed under United States tax laws. If such use is desired, a separate covered opinion may be required. (The foregoing statement is made in accordance with Circular 230).

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Mastin Bergstrom LLC and may not be copied or distributed without this disclaimer.

---

**From:** Ryan Ulibarri [mailto:rulibarri@dentistoffortcollins.com]
**Sent:** Tuesday, October 4, 2016 2:08 PM
**To:** Chuck Mastin <chuck@mastinlaw.com>; larry@tbsolutiongroup.com; Soloman Hemani <soloman@taxplanningconsultants.net>
**Subject:** Dental Law questions for Colorado

Chuck,

Good afternoon. I hope all is well in the Denver area. I need some help with some questions regarding dental business law. I was wondering if you could provide some guidance or insight regarding the states rules and regulations of a dental LLC. My question is; can a dental S corporation be converted over to an LLC and if so can a business trust be named as a participating member of the LLC if the trustee of the business trust is a licensed practitioner? Could you also provide any additional info you would have on that or recommend where else to look? Thanks Chuck.

Ryan Ulibarri