R&B

RINGENBERG & BELLER, P.C.
*Attorneys at Law*

*James E. Ringenberg*
*Richard D. Beller*
*John D. Ringenberg* Associate

October 18, 2018

**VIA U.S. MAIL & CERTIFIED U.S. MAIL**

Ryan L. Ulibarri DDS LLC
Attn. Ryan L. Ulibarri, President
1001 Centre Avenue
Fort Collins, CO 80526

Ryan L. Ulibarri
2926 Sunset View Drive
Fort Collins, CO 80526

Re: Guaranty Bank and Trust Loan 6932711001

Dear Mr. Ulibarri:

Our firm has been retained to represent Guaranty Bank and Trust Company ("Guaranty"), regarding Guaranty Loan Number 6932711001 ("Loan 6932711001"), which is a commercial loan from Guaranty to Ryan L. Ulibarri DDS LLC (the "Dental Office"), which is personally guaranteed by you, Mr. Ulibarri. I am writing to provide you with notice regarding certain events of default on Loan 6932711001.

**Guaranty Loan 6932711001**

Guaranty Loan 6932711001 originated on November 17, 2017 as a commercial loan to the Dental Office in the original principal amount of $750,000. Loan 6932711001 is memorialized by a Promissory Note (the "Note") dated November 17, 2017, signed by Ryan L. Ulibarri ("Mr. Ulibarri"), as Manager of the Dental Office. Loan 6932711001 is further memorialized by a Business Loan Agreement dated November 17, 2017, and a Limited Liability Company Resolution to Borrow/Grant Collateral, both of which were signed by Mr. Ulibarri as Manager of the Dental Office. Pursuant to a Commercial Guaranty, also dated November 17, 2017, the Note is personally guaranteed by Mr. Ulibarri.

The Note is also secured by a Commercial Security Agreement dated November 17, 2017 from the Dental Office (the "LLC Security Agreement"), pledging a security interest in the following Collateral of the Dental Office: "All Inventory, Chattel Paper, Accounts, Equipment and General Intangibles."

The Note is also secured by a Commercial Security Agreement dated November 17, 2017 from Mr. Ulibarri (the "Ulibarri Security Agreement"), pledging a security interest in the following Collateral:

> "All right, title and interest in the Economic Interests of Ryan L. Ulibarri in that Limited Liability Company known as Ryan L. Ulibarri, DDS, LLC, whether now owned or hereafter acquired, including without limitation, rights to distributions of cash, and/or property, and including, without limitation, all rights, privileges, authority and power of Assignor as owner and holder of the Economic Interest to the proceeds of any purchase of the Economic Interests by the Company or any third party."

The Ulibarri Security Agreement defines these assets as "Collateral" for the Note, as further described in that Agreement.

Guaranty has recently learned that many of the facts upon which it entered into Loan 6932711001 with the Dental Office and you either were not correct at the time, or have changed, and are no longer correct. When it made its loan, Guaranty specifically understood and relied upon the representation that Mr. Ulibarri was the 100 percent owner of the Dental Office. This was stated in the Dental Office's 2016 Tax Return. Now, however, Guaranty has learned that you, Mr. Ulibarri, own only 5 percent of the Dental Office, that Yolanda Ulibarri ("Ms. Ulibarri") owns another 5 percent, and that a non-borrower, a trust named the Smile High Business Trust ("Smile High"), now owns 90 percent of the Dental Office. It is not clear when this change in ownership took place. Under Guaranty's normal lending criteria, any owner of a 90% interest in a borrower would be required to personally guaranty that debt, and would also be required to pledge its interest as collateral. Here, Smile High did not pledge its interest in the Dental Office as collateral for the Note, and Smile High is not a guarantor.

Mr. Ulibarri's Security Agreement provides:

> "**Transactions Involving Collateral.** ... Grantor shall not sell, offer to sell, or otherwise transfer or dispose of the Collateral... Unless waived by Lender, all proceeds from any disposition of the Collateral (for whatever reason) shall be held in trust for Lender and shall not be commingled with any other funds; provided however, this requirement shall not constitute consent by Lender to any sale or other disposition. Upon receipt, Grantor shall immediately deliver any such proceeds to Lender."

Both the LLC and the Ulibarri Security Agreements provide that the Grantor has a duty to notify Lender in writing upon a "(3) change in the management or in the members or managers of the limited liability company Grantor." This notice was not provided in a timely basis.

It is unclear to Guaranty whether Mr. Ulibarri transferred 95% of his interest in the LLC to Smile High and Ms. Ulibarri before or after Guaranty made Loan 6932711001. If it happened before the loan was made, then the Dental Office and Mr. Ulibarri misstated the nature of Borrower's ownership, and misstated Guaranty's collateral for Loan 6932711001 under the Commercial Security Agreement. This would be a false statement, which would be an event of default under the Promissory Note. If the transfer of Mr. Ulibarri's 95% interest happened after Loan 6932711001 was made, then Mr. Ulibarri transferred 95% of the collateral he pledged to Guaranty to third parties, who are non-borrowers. This would constitute a breach of Mr. Ulibarri's duties under the Ulibarri Security Agreement not to transfer the Collateral, as stated above, and would be a breach of the Dental Office's obligations under the LLC Security Agreement to notify Guaranty of any such transfers or changes in ownership.

Further, when Guaranty asked for Smile High's organizational and financial documents, either you and/or your Certified Public Accountants denied Guaranty's requests. Guaranty's Business Loan Agreement specifically requires as affirmative covenants that you provide "such additional information and statements, as Lender may request from time to time." We believe that these organizational documents are within the custody, possession and control of Mr. Ulibarri and the Dental Office, and that Guaranty is well within its rights to examine these financial transactions, which concern the extent and validity of Guaranty's collateral.

For these reasons, Guaranty is declaring events of default under its loan agreements. Guaranty specifically reserves all of its rights and remedies under its loan agreements without further notice, including the right to accelerate the indebtedness under the Promissory Note, making that Note due and payable in its full principal balance immediately. Guaranty further reserves its rights under the LLC Security Agreement at any time to demand a Lock Box arrangement under which all accounts receivables of the LLC would be paid directly to Guaranty, as provided on page 4 of the LLC Security Agreement: "Grantor agrees that Lender may at any time require Grantor to institute procedures whereby the proceeds and/or payments of any accounts subject to this Agreement shall be paid by the debtors thereof under a lock box arrangement to Lender…"

The events of default concerning your loan will remain in place until Loan 6932711001 is fully repaid. We understand that you are in the process of refinancing Loan 6932711001 with another bank, and that you expect the refinancing to be completed by November 15, 2018.

If you have any questions, please contact me directly.

Sincerely,

RINGENBERG & BELLER, P.C.

Richard D. Beller