R&B
RINGENBERG & BELLER, P.C.
*Attorneys at Law*

*James E. Ringenberg*
*Richard D. Beller*
*John D. Ringenberg* Associate

June 27, 2019

**VIA E-MAIL (astephenson@gjmlawfirm.com) & U.S. MAIL**
Gast Johnson & Muffly
Attn. Anda Lincoln Stephenson
323 South College Avenue, Suite 1
Fort Collins, Colorado 80524

Re: Independent Bank Loan 6932711001/Ulibarri

Dear Ms. Stephenson:

As you know from our prior communications, our firm represents Independent Bank ("IBTX"), successor by merger to Guaranty Bank and Trust Company ("Guaranty") (collectively referred to as "IBTX"), regarding IBTX Loan Number 6932711001 ("Loan -1001"), to Ryan L. Ulibarri ("Mr. Ulibarri"), and Ryan L. Ulibarri DDS LLC (the "Dental Office") (collectively, "Borrowers"), who you represent. I am writing this letter to you on Borrowers' behalf.

On October 18, 2018, prior to your retention, I sent the Borrowers a letter notifying them of certain events of default, and reserving all of Guaranty's rights and remedies under its loan agreements.

On November 14, 2018, I sent the Borrowers a second letter, notifying them as follows:

> The documents you have provided have done nothing to change our understanding that you, Mr. Ulibarri, now own 5 percent of the Dental Office, that Yolanda Ulibarri owns another 5 percent, and that a non-borrower, the Smile High Business Trust ("Smile High"), now owns 90 percent of the Dental Office. We still do not understand when these assets were transferred. Further, we have serious concerns about the legitimacy of these "pure trusts" under federal income tax law.
>
> As I stated in my October letter, the events of default concerning your loan will remain in place until Loan -1001 is fully repaid or until the defaults are fully cured. Guaranty would consider a workout proposal if you comply with the following two conditions: 1) the Smile High Trust and Ms. Ulibarri transfer their 95% interests in the Dental Office back to you, so that no trust owns any portion of the Dental Office or any other part of Guaranty's collateral; and 2) you obtain an opinion letter from a local tax attorney acceptable to Guaranty that the Dental

Office and you are in full compliance with your obligations under federal income tax law, notwithstanding your "pure trust" arrangements.

As we have discussed, it appears that the Borrowers' "pure trust" arrangements constitute an illegal tax shelter that has long been recognized as illegal. *See United States v. Buttorff*, 761 F.2d 1056, 1057 (5th Cir. 1985) (affirming preliminary injunction against Dallas man who sold "'Constitutional Pure Equity Trust' (also referred to by the parties as a 'Pure Equity' or 'Family Trust') which they said would enable its purchasers to avoid probate, significantly reduce income tax liability, and keep financial dealings private."). To date, neither you nor the Certified Public Accountant ("CPA") I have spoken to have contested that Borrowers' "pure trust" arrangements are not in compliance with federal tax obligations. This needs to be remedied immediately.

Borrowers' Business Loan Agreement ("BLA") dated November 17, 2017 provides several clear requirements that require Borrower to comply with its tax and legal obligations:

- As a representation and warranty:
  - **"Taxes.** To the best of Borrower's knowledge, all of Borrower's tax returns and reports that are or were required to be filed, have been filed, and all taxes, assessments and other governmental charges have been paid in full, except those presently being or to be contested by Borrower in good faith in the ordinary course of business and for which adequate reserves have been provided." (BLA at p. 2).
- that the Borrower "shall comply with all regulations, rules, ordinances, statutes, orders and decrees of any government or quasi-governmental authority or court applicable to Borrower and Borrower's business activities." (BLA at p. 1).
- that the Borrower "Comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the conduct of Borrower's properties, businesses and operations…." (BLA at p. 3).

As I stated in my November 14, 2018 letter, "While Guaranty is willing to give you some time to refinance this loan and to bring it into compliance with the conditions above, we will need you to take action to do so in the near future." That was 7 ½ months ago.

Because the Smile High Trust has transferred its ownership of the Dental Office back to Mr. Ulibarri, the first part of our workout proposal has been satisfied. However, the past 7 1/2 months have done nothing to address the second part of IBTX's workout proposal. IBTX remains very concerned that the arrangement between Smile High and Borrowers may be a violation of federal income tax law, and no one has disputed this on behalf of Borrowers.

IBTX has been very flexible in permitting Borrowers to select alternate tax counsel, or any one of several local CPAs, to verify Borrowers' tax compliance. We had understood months ago that Borrowers were hiring a CPA to do what is necessary to comply with federal and state

law. To date, no action has been taken, nor has any tax attorney or CPA provided us with an opinion letter that Borrowers are complying with their federal and state tax obligations.

IBTX needs to resolve this matter promptly, or it will have no choice but to move forward with its legal remedies. IBTX will give Borrowers until July 17, 2019 to demonstrate their full compliance with their federal and state tax obligations. If they fail to do this, IBTX reserves the right to exercise its legal remedies for the events of default on this loan. IBTX has further incurred substantial attorneys' fees and costs in dealing with this matter, and expects these fees and costs to be paid in full as part of a workout, pursuant to the contractual attorneys' fees provision in the loan agreements Borrowers have signed.

If you have any questions, please contact me directly.

Sincerely,

RINGENBERG & BELLER, P.C.

Richard D. Beller